**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CLARENCE MASON,            *
                                   *

            Plaintiff,       *

v.                             *

                                  *     No. 3:13-cv-00020-SWW-JJV

BECKY HITT, Jail Administrator, Poinsett  *
County Jail; *et al.*                  *

                                  *

            Defendants.     *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      INTRODUCTION

Plaintiff Clarence Mason is an inmate at the Poinsett County Detention Center (Jail).  He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming the Defendants improperly took money from his account.  After carefully reviewing the Complaint, (Doc. No. 2), the Court concludes it should be dismissed for failure to state a claim upon which relief may be granted.

## II.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact finding process for the resolution of disputed facts."  *Id.*

## III.   ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law.   *Griffin-El v. MCI Telecommunications Corp.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993).   The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Plaintiff states that Adrian Person improperly signed Mason's name to release Mason's property while Dustin Shannon watched.  (Doc. No. 2, p. 4.)  Becky Hitt "cut the check so he could bond out then Adrian Person filled out another property release form [to] give to his girlfriend Kara Winston more money [without Plaintiff's permission]."  *Id.*

Allegations concerning the loss of personal property do not state an actionable constitutional claim. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A meaningful remedy is available through the Arkansas courts system. In Arkansas, Plaintiff could file a claim of conversion which is a common law tort action for the wrongful taking of property. *McQuillian v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247, 961 S.W.2d 729 (Ark. 1998). Therefore, the Court finds this claim should be dismissed.

In addition, Defendants Adrian Person and Kara Winston are private individuals and not state actors. Only individuals acting under color of law may be sued under § 1983. So these Defendants should be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE,  RECOMMENDED that:

1.     Plaintiff's Complaint be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2.     This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.     The Court should certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

4

DATED  this 29th day of January, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE